19-4237-cv
*Up State Tower Co. v. The Town of Kiantone, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            MICHAEL H. PARK,
                    *Circuit Judges.*

---

UP STATE TOWER CO., L.L.C.,

        *Plaintiff-Appellee,*                            19-4237-cv

        v.

THE TOWN OF KIANTONE, NEW YORK, THE TOWN BOARD OF THE TOWN OF KIANTONE, NEW YORK, THE BUILDING DEPARTMENT OF THE TOWN OF KIANTONE, NEW YORK,

        *Defendants-Appellants.*

---

**FOR PLAINTIFF-APPELLEE:**    THOMAS SCOTT THOMPSON, Davis
                               Wright Tremaine LLP, Washington, DC.

                               Jon P. Devendorf, Barclay Damon LLP,
                               Syracuse, NY.

**FOR DEFENDANTS-APPELLANTS:**     PAUL V. WEBB, JR., Erickson Webb
Scolton & Hajdu, Lakewood, NY.

Appeal from a March 12, 2019 judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendants-Appellants The Town of Kiantone, New York, The Town Board of the Town of Kiantone, New York, and The Building Department of the Town of Kiantone, New York, (jointly, "Kiantone") appeal from a March 12, 2019 judgment of the District Court granting summary judgment to Plaintiff-Appellee Up State Tower Co., L.L.C. ("Up State") on its claim that Kiantone violated 47 U.S.C. § 332(c)(7)(B)(iii) in denying Up State's application for a cell tower permit (the "application") because the reasons for the denial were not supported by substantial evidence in the record.[1] Kiantone's subsequent motion for reconsideration was denied by the District Court on November 26, 2019, which Kiantone also challenges in this appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Kiantone argues that, in granting summary judgment to Up State, the District Court erred by considering evidence that was not part of the record before the Kiantone Town Board (the "Town Board") when the Town Board denied Up State's application. Specifically, Kiantone claims that the District Court erroneously considered the facts in the October 30, 2018 affidavit of Donald W. Carpenter (Up State's site acquisition specialist), and the October 30, 2018 affidavit of Eric Wong (Up State's radio frequency engineer) (jointly, the "Carpenter and Wong Affidavits"), the facts and substance of which, Kiantone contends, were not before the Town Board when it denied Up State's application.[2]

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in the non-movant's favor. *See Natofsky v. City of N.Y.*, 921 F.3d 337, 344 (2d Cir. 2019). We review a district court's denial of a

---

[1] 47 U.S.C. § 332(c)(7)(B)(iii) provides that: "Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

[2] Despite the puzzlingly intricate "Background Facts" section in Kiantone's brief, we limit our review in this appeal to the narrow question that Kiantone specifically asks us to address—*i.e.*, whether the District Court erroneously considered the facts in the Carpenter and Wong Affidavits in granting summary judgment to Up State.

motion for reconsideration under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *See Johnson v. Univ. of Rochester Medical Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Based on the record before us, we are not persuaded by Kiantone's argument that the District Court impermissibly relied on the Carpenter and Wong Affidavits in granting summary judgment to Up State. In its November 26, 2019 order denying Kiantone's motion for reconsideration, the District Court stated expressly that it found no genuine issue of material fact that Kiantone's denial of the application was not based on substantial evidence, "even without considering [the Carpenter and Wong Affidavits]." Sp. App'x 38. As noted by Up State, Kiantone already advanced this exact argument before the District Court in its motion for reconsideration, and the District Court rejected it. *See id.* at 37-38.

In its well-reasoned order denying Kiantone's motion for reconsideration on this very basis, the District Court explained in detail that, Kiantone's reasons for denying Up State's application were not supported by substantial evidence in the record, even without consideration of the facts stated in the Carpenter and Wong Affidavits. *See id.* at 39-48. We are satisfied by the District Court's explanation of how it reached that conclusion in relying solely on the evidence before it in its own review of the independent administrative record. *See id.* (discussing why the Town Board's finding regarding the Schuver Property is unsupported by substantial evidence, irrespective of the Carpenter Affidavit, and why the Town Board's finding regarding colocation on the light poles at the Jamestown School District Sports Complex is unsupported by substantial evidence, irrespective of the Wong Affidavit). Accordingly, we cannot conclude that the District Court abused its discretion in denying Kiantone's motion for reconsideration, nor do we find any legal error in its grant of summary judgment to Up State.

## CONCLUSION

We have reviewed all the arguments raised by Kiantone on appeal and find them to be without merit. Accordingly, we **AFFIRM** the March 12, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3